IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PRAGYA SEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:21-CV-492-RP |
| | § | |
| CHARLES SCHWAB & CO., INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court in the above-styled and numbered cause are Plaintiff Pragya Sen's ("Sen")

Motion to Remand filed July 6, 2021, (Dkt. 4), Defendant Charles Schwab & Co., Inc.'s ("Schwab")

response filed July 20, 2021 (Dkt. 5), and Sen's objections and reply filed July 27, 2021, (Dkt. 6).

Sen filed an original petition on May 5, 2021 in the 201st Judicial District Court in Travis

County, Texas. (Dkt. 1-1). On June 4, 2021, Schwab timely removed the case to this Court based on

diversity jurisdiction. (Dkt. 1). Sen now seeks to remand to state court. (Dkt. 4). Having carefully

considered the pleadings, record, and applicable law, the court will grant the motion to remand for

failure to meet the burden to establish diversity jurisdiction.

A court has subject-matter jurisdiction over civil actions between citizens of different states

that involve an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. §

1332(a). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same

State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132,

136 (5th Cir. 2016).

"A party may remove an action from state court to federal court if the action is one over

which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. and Cas. Ins.*

*Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "When challenged on allegations

of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v Friend,* 559 U.S. 77, 96 (2010). Removal statutes are construed strictly in favor of remand. *Manguno,* 276 F.3d 720, 723. The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). To determine jurisdictional facts a court may use "any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

The federal diversity-jurisdiction statute states that for purposes of determining residency for diversity jurisdiction: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the place "where a corporation's officers direct, control, and coordinate the corporation's activities . . . And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." *Hertz Corp.,* 559 U.S. at 92–93. This nerve center "is a single place." *Id.*

Neither party contests that Sen is a resident of Texas or that the amount in controversy exceeds $75,000. Therefore, the only question before the court in determining if Schwab has established diversity jurisdiction is whether it has established that it is not a resident of Texas. Schwab contends that its principal place of business is San Francisco, California and that Schwab is incorporated in California. (Resp., Dkt. 5, at 3). To support its contention that its principal place of business is California, Schwab provides declarations from Scott McMillen, Associate General Counsel at Schwab, that Schwab's principal place of business is California, and from Michael J.

Sears, Associate General Counsel at Schwab, that three of Schwab's executive officers "work location" is outside of Texas. (Sears Decl., Dkt. 5-1; McMillen Decl., Dkt. 5-2).

Sen argues that Schwab is a citizen of Texas. (Mot. Remand, Dkt. 4). Sen invites the court to take judicial notice of Schwab's parent company, Charles Schwab Corp.'s ("Schwab Corp.") public move of its corporate headquarters to Texas, which Schwab does not contest. (*Id.* at 3; Resp., Dkt. 5, at 4 ("The Charles Schwab Corporation's principal place of business was relocated to Westlake Texas."). Sen points to Schwab Corp.'s publicly available bylaws, which state that its "principal office for the transaction of the business" shall be in Texas. (Schwab Corp. Bylaws, Dkt. 4-2, at 3).

Schwab's filings with the State of California indicate that its address is in California and lists California addresses for its four officers. (Cal. Statement of Information, Dkt. 4-4). Sen points out that three out of four of Schwab's corporate officers are also corporate officers of Schwab Corp.[1] These three officers are listed on the publicly available Schwab Corp. Securities and Exchange Commission filings with San Francisco mailing addresses, although as employees of Charles Schwab Corp., which is listed as having a Texas mailing and business address.[2] Schwab provides a declaration from its Associate General Counsel who states that he has "access to employee data, including the work location of company employees," and that the three officers at issue have "work locations" in Ohio or California. (Resp., Dkt. 5, at 3) (citing Sears Decl., Dkt. 5-1, at 2 (stating, for example, that "Walter Bettinger's work location is in Ohio.")).

*Hertz* makes clear that merely filing a form claiming a location as a principal place of business is insufficient in the face of a jurisdictional challenge to establish the location of the principal place of business. *Hertz Corp.*, 559 U.S. at 97 ("[W]e reject suggestions . . . that the mere

---

[1] (Mot. Remand, Dkt. 4, at 4); (*compare* California Statement of Information, Dkt. 4-4, *with* SECTION 16 FILINGS, https://www.aboutschwab.com/section16 (last visited Aug. 18, 2021)).

[2] (*Compare, e.g.*, Bettinger Walter W, https://www.sec.gov/cgi-bin/own-disp?action=getowner&CIK=0001296479 (last visited Aug. 18, 2021), *with* SCHWAB CHARLES CORP, https://www.sec.gov/cgi-bin/own-disp?action=getissuer&CIK=0000316709 (last visited Aug. 18, 2021)).

filing of a form like the Securities and Exchange Commission's Form 10–K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'"). Thus, neither Schwab's filing with the California Secretary of State nor Schwab Corp.'s Securities and Exchange Commission filing are dispositive.

Instead, courts "take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of such manipulation." *Id.* For Schwab, it is unclear that its "nerve center" is not Texas. Schwab Corp. and Schwab are separate entities that may have separate places of business for diversity purposes. *See Guitar Holding Co. v. El Paso Nat. Gas Co.*, No. EP-10-CV-214-KC, 2010 WL 3338550, at *5 (W.D. Tex. Aug. 18, 2010). However, Schwab does not provide any evidence that, in light of their shared corporate officers, they do indeed have separate places of business.

Schwab Corp.'s move to Texas, along with its company bylaws, indicate that common executive officers between Schwab and Schwab Corp. are spending collaborative time making decisions at the Texas offices. If they are serving both companies in a decision-making capacity, and spending time making decisions for Schwab Corp. in Texas, the Court can infer that the officers are also make decisions for Schwab while in Texas. Schwab provides no evidence that the common officers between Schwab and Schwab Corp. split their time between the Texas offices and their "work locations" in accordance with which company they are making decisions for. It thus appears that the nerve center of Schwab is more likely than not the same as Schwab Corp.'s—Texas.

The Court finds that Schwab's statements that their officers' "work locations" are outside of Texas do not outweigh evidence of a Texas nerve center when it is unclear what the definition of a "work location" is, when the "work locations" were last updated, or how much decision-making time officers spend in their designated "work location." Schwab possesses all of the information regarding where and how it makes decisions but only provided a vague statement by its Associate

4

General Counsel. If its nerve center is not Texas, there should be more evidence to meet the preponderance-of-the-evidence standard. Because the burden of proof is on Schwab, the Court finds that Schwab has not established that its principal place of business is outside of Texas and has not satisfied its burden of establishing diversity jurisdiction. *See McNutt*, 298 U.S. at 189.

Accordingly, **IT IS ORDERED** that Sen's motion to remand, (Dkt. 4), is **GRANTED**. This case is **REMANDED** to the 201st Judicial District Court in Travis County, Texas. The Clerk of the Court is directed to **CLOSE** this action.

**SIGNED** on August 24, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE